UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| HARRY JONES, | ) | Case No.: 12-CV-00488-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO |
| v. | ) | DISMISS WITH PREJUDICE |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Harry Jones filed this action on January 31, 2012.  ECF No. 1.  On March 1, 2012, Defendant JP Morgan Chase Bank, N.A. ("Chase") moved to dismiss.  ECF No. 6 ("Mot.").  Plaintiff filed an opposition ("Opp'n") on April 10, 2012, ECF No. 11, and Defendant filed a Reply ("Reply") on April 17, 2012, ECF No.  14.  Having considered the submissions of the parties and the relevant law, the Court GRANTS Defendant's motion to dismiss without leave to amend.

## I.  BACKGROUND

Except where otherwise noted, the Court draws the following facts, taken as true for purposes of a motion to dismiss, from Plaintiff's Complaint.  Where, as here, the complaint attaches exhibits, those exhibits are treated as part of the factual allegations of the complaint for purposes of a motion to dismiss.  *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  "Where an exhibit to a pleading is inconsistent with the

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    pleading, the exhibit controls."  *Gamble v. GMAC Mortg. Corp.*, 2009 WL 400359, at *3 (N.D.

2    Cal. Feb. 18, 2009).

3        On April 27, 2007, to finance the purchase of the real property located at 14740 Palomino

4    Dr. in San Jose, California, Plaintiff obtained a loan from Washington Mutual Bank, F.A.,

5    ("WaMu"), secured by a Deed of Trust, on which the California Reconveyance Company was

6    Trustee.  Compl. ¶¶ 10-11.  On September 25, 2008, WaMu was closed by the Office of Thrift

7    Supervision, and the Federal Deposit Insurance Corporation ("FDIC") was named receiver.  *Id.* at ¶

8    12.  That same day, the FDIC entered into a Purchase & Assumption Agreement ("P&A

9    Agreement") with Chase.  *Id.* at ¶ 13.  Plaintiff attached a copy of this agreement to his

10    Complaint.[1]

11        Plaintiff alleges that the P&A Agreement "did not list Washington Mutual Bank, F.A., as a

12    purchased asset, [and] did not list any mortgage loans as purchased assets.  The only relevant assets

13    purchased by Chase were the servicing rights under Washington Mutual's securitized mortgages."

14    Compl. at ¶ 13.  The agreement itself, however, states that "the Assuming Bank hereby

15    purchases… all right, title, and interest of the Receiver in and to all of the assets. . . of the Failed

16    Bank, whether or not reflected on the books of the Failed Bank as of Bank Closing."  Compl. Exh.

17    D, Article III, § 3.1.  The P&A Agreement further provides that "the Assuming Bank specifically

18    purchases all mortgage servicing rights and obligations of the Failed Bank," *id.*, and nowhere does

19    the agreement provide that this specific purchase of servicing rights is to the exclusion of the loans

20    themselves, which are included in the purchase of "all of the assets."  The text of the P&A

21    Agreement is thus inconsistent with Plaintiff's allegation that Chase did not purchase the loan.

22        Further, courts in this district have found, interpreting the same P&A agreement, that Chase

23    purchased WaMu's loans, including the right to foreclose on them.  *See Lomely v. JP Morgan*

24    _____

[1] Defendant has also submitted a request for judicial notice, attaching the P&A Agreement as well
25    as the Deed of Trust, Notice of Default, Substitution of Trustee, and Notice of Trustee's Sale.
     Plaintiff has not opposed Defendant's request.  In ruling on a motion to dismiss, the court may take
26    judicial notice of matters of public record outside the pleadings.  *Lee v. City of Los Angeles*, 250
     F.3d 668, 689 (9th Cir. 2001).  Each of the documents submitted by Defendant is a matter of public
27    record "not subject to reasonable dispute [and] capable of accurate and ready determination by
     resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.
28    Accordingly, the Court GRANTS Defendant's request for judicial notice.

Case No.: 12-CV-00488-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1  *Chase Bank, N.A.,* 2012 WL 4123403 at *1 (N.D. Cal. Sept. 17, 2012) ("Pursuant to a Purchase

2  and Assumption Agreement. . . dated September 25, 2008, the FDIC transferred to Chase 'all right,

3  title, and interest of the Receiver in and to all of the assets' of WaMu, including the Loan."); *Eng v.*

4  *Dimon*, 2012 WL 3659600 at *1 (N.D. Cal August 24, 2012) ("JPMorgan has shown, however,

5  that it purchased all of Washington Mutual's assets, including the loan at issue here, pursuant to a

6  Purchase and Assumption Agreement. . . . JPMorgan, as Washington Mutual's successor in

7  interest, and Quality Loan as trustee, consequently had the right to initiate foreclosure after

8  [Plaintiff] defaulted on the loan.").  In the face of this inconsistency between Plaintiff's allegations

9  and the contents of the P&A Agreement he attaches to his Complaint, the facts apparent from the

10 face of the P&A Agreement control.  Thus, Chase purchased the loan, including the right to

11 foreclose on it, on September 25, 2008.  Consequently, the Court does not treat as true Plaintiff's

12 allegations that Chase did not own the loan.

13     On July 19, 2011, several years after its assumption of WaMu's assets, Chase, acting

14 through the California Reconveyance Company as trustee, recorded a Notice of Default and

15 Election to Sell Under Deed of Trust.  Compl. ¶ 14.  Then, on October 26, 2011, Chase, still acting

16 through the trustee, recorded a Notice of Trustee's Sale.  Compl. ¶ 16.  Plaintiff filed this action on

17 January 31, 2012.  ECF No. 1.  On May 14, 2012, Plaintiff moved ex parte for a temporary

18 restraining order to prevent the sale of his property.  ECF No. 15.  Plaintiff withdrew this motion

19 the same day, noting that the foreclosure sale had been postponed to September 17, 2012.  ECF No.

20 16.  Since that time, Plaintiff has not indicated whether the sale has been further postponed, or

21 whether it took place as scheduled.

22     **II.     LEGAL STANDARD**

23         **A.  Motion to Dismiss**

24     Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

25 it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the

26 plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

27 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the

28 plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

3

1   unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In deciding whether the plaintiff has

2   stated a claim, the court must assume the plaintiff's allegations are true and draw all reasonable

3   inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

4   However, the court is not required to accept as true "allegations that contradict matters properly

5   subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of

6   fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

7   2008).

8        In granting a motion to dismiss, a court should grant leave to amend unless the pleading

9   could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1130

10  (9th Cir. 2000).  If amendment would be futile, however, the court may dismiss with prejudice.

11  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

12      **III.    DISCUSSION**

13      Plaintiff has alleged four causes of action: (1) Cancellation of Deed; (2) Slander of Title;

14  (3) Wrongful Foreclosure; and (4) Injunctive Relief for Wrongful Foreclosure.  Plaintiff has

15  conceded that his fourth cause of action, for injunctive relief, is not an independent claim, but

16  rather a remedy for his third cause of action.  Opp'n at 6.  Accordingly, the motion to dismiss is

17  GRANTED as to the fourth cause of action, for Injunctive Relief.  The Court will address each of

18  the remaining three claims in turn.

19      **A.  Cancellation of Deed**

20      Under California Civil Code § 3412, "[a] written instrument, in respect to which there is a

21  reasonable apprehension that if left outstanding it may cause serious injury to a person against

22  whom it is voidable, may, upon his application, be so adjudged, and ordered to be delivered up or

23  canceled."  Cal. Civ. Code § 3412.  Plaintiff seeks to cancel the Notice of Default and Notice of

24  Trustee's Sale.  Compl. ¶ 22.

25      Plaintiff's sole allegation supporting this claim is that "Chase was not the beneficiary of the

26  Deed of Trust and is not authorized to act on behalf of the FDIC."  *Id.*  However, this allegation is

27  contradicted by the P&A Agreement, and thus the Court will not treat it as true.  As explained

28  above, Chase purchased WaMu's loans as part of the P&A Agreement.  In so doing, Chase became

4

the beneficiary of the Deed of Trust.  Plaintiff has not alleged that his loan specifically was not

included among WaMu's assets that were sold, but rather that mortgage loans generally were not

sold as part of the P&A Agreement.  Compl. ¶ 13.  The Court has found otherwise.  In the absence

of any further allegations that the Notice of Default or Notice of Trustee's sale are void or

voidable, Plaintiff has not stated a claim for relief under California Civil Code § 3412.

Accordingly, Defendant's motion as to the claim for Cancellation of Deed is GRANTED.

### B.  Slander of Title

"The recordation of an instrument facially valid but without underlying merit will give rise

to an action for slander of title." *Stamas v. County of Madera*, 2011 WL 2433633 at *14 (E.D. Cal.

June 14, 2011).  The elements of slander of title are: "(1) publication, (2) which is without privilege

or justification, (3) which is false and (4) which causes direct and immediate pecuniary loss."

*Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (Ct. App. 2009).

Defendant does not dispute that there was publication, and that Plaintiff has suffered

pecuniary loss.  *See* Mot. at 5.  Defendant instead contends that Plaintiff has not alleged falsity or

privilege.  *Id.*  Plaintiff does not specifically allege that challenged documents – the  Notice of

Default and Election to Sell, and the Notice of Trustee's Sale – are false or contain false

information.  However, it can be inferred from the allegations in the Complaint that Plaintiff's

contention is that these documents are "false" because Chase did not own the loan and therefore

could not issue a valid notice of default or notice of trustee's sale.  As explained above, this

contention fails, as it is contradicted by the P&A Agreement.  Thus, Plaintiff has not sufficiently

alleged falsity.

Plaintiff has also failed to allege the absence of privilege.  The Complaint contains no

mention of privilege.  Further, California Civil Code § 47(c)(1) states: "[a] privileged publication

or broadcast is one made: (c) [i]n a communication, without malice, to a person interested therein,

(1) by one who is also interested."  Cal. Civ.Code § 47(c)(1).  Nonjudicial foreclosure documents,

including notices of default and notices of trustee's sales, are considered privileged.  *See* Cal.

Civ.Code § 2924(d); *Dubose v. Suntrust Mortg.*, Inc., 2012 WL 1376983 at *3 (N.D.Cal. Apr.19,

2012) (dismissing slander of title claim because notice of default, notice of trustee sale, and

Case No.: 12-CV-00488-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

United States District Court
For the Northern District of California

substitution of trustee are subject to privilege).  Accordingly, Plaintiff has not alleged the absence

of privilege, and as the documents he challenges are privileged as a matter of law, he cannot make

such allegations.  Defendant's motion to dismiss the slander of title claim is GRANTED.

### C.  Wrongful Foreclosure

Plaintiff alleges that the foreclosure is "wrongful" for two reasons: that the assignment of

the deed of trust was not recorded as required by California Civil Code § 2932.5, Compl. ¶ 26, and

that Chase, as the servicer of the loan, could not foreclose without instruction from the FDIC, who

remained the true owner of the loan.  *Id.* at ¶ 28.

Plaintiff's claim that the assignment had to be recorded in order for Chase to have a right to

foreclose fails.  California Civil Code § 2932.5 does not apply to deeds of trust.  *See Calvo v.*

*HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 122 (2011) ("The rule that section 2932.5 does not

apply to deeds of trust is part of the law of real property in California.");  *Mena v. JPMorgan*

*Chase Bank, N.A.*, 2012 WL 3987475 at *6 (N.D. Cal. Sept. 7, 2012) ("Section 2932.5 thus does

not serve as a basis to challenge the transfers by WaMu based on a failure to record.").  As the

instant foreclosure involves a deed of trust, *see* Compl. ¶¶ 9, 11, 27, it is not subject to the

recording requirement, and thus failure to record cannot render the foreclosure wrongful.

Accordingly, Plaintiff's claim that foreclosure was wrongful because the transfer was not recorded

fails.

Plaintiff's second allegation, that the foreclosure was wrongful because Chase was not

authorized to foreclose on the loan, also fails, for the reasons explained above.  Because the Court

does not credit Plaintiff's allegation that the loan was never transferred to Chase, it cannot credit

the allegation that "Chase acting solely as servicer has no right to exercise the power of sale

because it has no beneficial interest in Plaintiffs' property."  Compl. ¶ 28.  As neither of Plaintiff's

asserted grounds for claiming wrongful foreclosure withstands scrutiny, Plaintiff has not stated a

claim for wrongful disclosure.  Accordingly, Defendant's motion to dismiss this claim is

GRANTED.

### D.  Leave to Amend

Case No.: 12-CV-00488-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1    All three of Plaintiff's legal theories are based on the mistaken premise that Chase did not

2   purchase his loan as part of the P&A Agreement.  The problem is not one of insufficient pleading,

3   but one of legal theory.  Alleging additional facts will not cure this fundamental problem with the

4   claims in Plaintiff's Complaint.  Accordingly, the Court finds that amendment would be futile, and

5   the Complaint is dismissed with prejudice.  The Clerk shall close the file.

6   **IT IS SO ORDERED.**

7   Dated: October 9, 2012

8
                                            _Lucy H. Koh_____
9                                           LUCY H. KOH
                                            United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 12-CV-00488-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE